UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CENTRIC GROUP, LLC ) | |
| d/b/a KEEFE SUPPLY COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| RAPID RESPONSE, INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Centric Group, LLC, d/b/a Keefe Supply Company, by and through its undersigned attorneys, and for its Complaint against Defendant Rapid Response, Inc. states as follows:

### PARTIES

1. Plaintiff Centric Group, LLC ("Plaintiff") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in St. Louis, Missouri.

2. At all times material to this Complaint, Plaintiff was a supplier and shipper of products including food products.

3. Defendant Rapid Response, Inc. ("Defendant") is a corporation organized and existing under the laws of the State of Missouri with its principal place of business in Wentzville, Missouri.

4. At all times material to this Complaint, Defendant was engaged in the business of transporting goods.

**JURISDICTION**

5. Jurisdiction in this Court is proper pursuant to 228 U.S.C. § 1331 as the action arises under a law of the United States, and under 8 U.S.C. § 1337, which provides that the district courts have original jurisdiction of any civil action arising under any Act of Congress regulating commerce so long as the matter in controversy for each bill of lading exceeds $10,000 exclusive of interest and costs.

6. This civil action arises under 49 U.S.C. § 14706, the "Carmack Amendment" to the Interstate Commerce Act.

7. The Carmack Amendment provides that a carrier delivering property and providing transportation of property between a place in one State and a place in another State is liable for the actual loss or injury it causes to a shipper's property.  49 U.S.C. § 14706; 49 U.S.C. § 13501; *Continental Grain Co. v. Frank Seitzinger Storage, Inc.,* 837 F.2d 836 (8th Cir. 1988).

8. Defendant is a carrier pursuant to 48 U.S.C. 13102 (3), (8), as it holds itself out to the general public to provide transportation of property for compensation.  Defendant was the delivering carrier of the subject property in this case.

9. The property at issue in this case was being transported from State to State—from Minneapolis, Minnesota to Bridgeton, Missouri.

10. The amount in controversy for the damaged property under the bill of lading carried by Defendant exceeds $10,000 exclusive of interests and costs.

**VENUE**

11. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b)(1) and 49 U.S.C. § 14706(d)(1).  Defendant resides in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(d) as it is located and its principal place of business is located in Wentzville, St.

Charles County, Missouri.  St. Charles County is in the Eastern Federal District of Missouri. Further, Defendant conducted business with Plaintiff in this District.

## PRELIMINARY FACTS

12. In August 2013, Plaintiff's agent Logistics Management Solutions, LLC, retained Defendant to transport food products on Plaintiff's behalf.

13. Defendant was retained to transport a shipment of powdered cheese from Kraft Food Ingredients Corp. in Minneapolis, Minnesota to Plaintiff in Bridgeton, Missouri.

14. The powdered cheese was a human food product and was intended for use in human food products.

15. During Defendant's transportation of the product, the seal on the trailer was broken, compromising sanitary transportation of the entire shipment of food product.

16. Because the trailer transporting the foods was compromised, the powdered cheese was rendered unusable for its intended inclusion in products for human consumption.  The broken seal precluded Plaintiff from utilizing the powdered cheese and rendered it worthless.

## COUNT I—LIABILITY UNDER THE CARMACK AMENDMENT

17. Plaintiff incorporates by reference paragraphs one through sixteen as if fully set forth herein.

18. At the time Plaintiff's property was delivered to Defendant for Defendant's transportation, the product was placed under seal, ensuring the integrity of the property, human food product, being transported.

19. At the time Plaintiff's property was delivered to Defendant, the product was in good and sanitary condition.

20. When Defendant delivered the product it was no longer in good and sanitary condition.

21. When Defendant delivered the product, the original seal was broken.

22. Defendant failed to deliver the property in the same condition Defendant received the property.

23. Because of Defendant's failure to deliver the property in good condition, Plaintiff incurred loss in the amount of $104,750.00.

24. Defendant's failure to deliver the powdered cheese in good sanitary condition, as it had been delivered to Defendant, was the actual and proximate cause of Plaintiff's $104,750.00 damage.

WHEREFORE Plaintiff Centric Group, LLC, d/b/a Keefe Supply Company, demands trial by jury and seeks Judgment against Defendant Rapid Response, Inc. in the amount of $104,750.00 plus costs, pre- and post-judgment interest, and such other and further relief as this Court may deem just and appropriate.

HEPLERBROOM, LLC

By: _____/s/ Kurt A. Hentz_____
KURT A. HENTZ                              #33817
One Metropolitan Square
211 North Broadway, Suite 2700
St. Louis, MO  63102
314/241-6160
314/241-6116 – Facsimile

*Attorneys for Plaintiff*